OPINION
{¶ 1} Defendant Willie D. Bush appeals a summary judgment of the Municipal Court of Canton, Stark County, Ohio, entered in favor of plaintiff Aultman Hospital on in its complaint for collection of a bill in the amount of $1,755.25. Appellant assigns two errors to the trial court:
"The trial court erred in granting summary judgment in favor of the plaintiff/appellee and against the defendant/appellant, when the state of the record was such that the material factual issues necessary for determination of the action were still in genuine dispute.
"The trial court erred in finding that the plaintiff was entitled to summary judgment without the plaintiff ever producing an adequate statement of account or any documents, records or other evidence in support of the plaintiff's claim that a certain sum was due from the defendant; and, in this regard, in holding that Aultman Hospital was not required to provide any itemized statement of services rendered or the charges therefor or detailed statement of account, as requested by the defendant, because, in the trial court's view, the same would violate the defendant's privacy rights."
 {¶ 2} The record indicates appellee Aultman Hospital filed its complaint on August 5, 2002. Attached to the complaint was a statement of account giving the service date, the account number, the patient's name, and the balance owed. On August 28, 2002, appellant filed his answer stating he had no knowledge of any services rendered to him by Aultman Hospital for which an account was due and owing. Appellant raised the issue of whether there were any services rendered for which an account balance remained, and also whether, if the account existed, it was paid for by insurance or other sources.
 {¶ 3} At a pre-trial conference on September 27, 2002, the parties agreed the issue involved was an amount due for medical services. Appellant claimed Medicare and insurance should have paid the bill, and the court granted leave for appellant to file a third-party complaint against any entity he felt should have paid the bill. At the preliminary hearing, the trial court set appellee's motion for summary judgment, filed September 23, for hearing on October 25, 2002.
 {¶ 4} On October 15, 2002, appellant filed a request for production of documents, specifically, information concerning the account which was the subject of the action. In his affidavit in opposition to appellee's motion for summary judgment, appellant stated he had never received any statement from Aultman itemizing any services rendered, the dates of the services, or the charges for the services. Appellant further deposed he had never been furnished with a statement of account showing charges for services rendered or credits for insurance payments or other payments received on account.
 {¶ 5} The court granted Aultman's motion for summary judgment on October 28, 2002, finding Aultman Hospital could not attach an itemization of services provided to appellant because it would have violated the appellant's privacy and disclosed whatever medical condition was treated. The court concluded there were no genuine issues of material fact, and reasonable minds could come to but one conclusion.
 {¶ 6} A trial court shall not grant summary judgment if there is a genuine issue of any material fact to be litigated, nor if, construing the evidence in favor of the non-moving party, reasonable minds could come to but one conclusion on the undisputed facts, Ormet PrimaryAluminum Corporation v. Employer's Insurance of Wausau, 88 Ohio St.3d 292,2000-Ohio-330, 725 N.E.2d 646.
 {¶ 7} Civ.R. 56(H) provides if it appears from the affidavit of a party opposing the motion for summary judgment that the party cannot present by affidavit facts essential to the parties opposition, the court may refuse the application for judgment, or may order a continuance to permit affidavits to be obtained or discovery to be had, or may make such other order as is just.
 {¶ 8} At issue here, is the balance, if any, remaining on the hospital bill after appellant's insurance and Medicare had paid. In his affidavit, appellant specifically stated he had never received a bill showing the full amount of the charges and the amounts paid by insurance and Medicare. Because that is the amount in contention, and because Aultman is the party who possesses the information, we find it was appropriate for appellant to seek discovery.
 {¶ 9} Aultman Hospital could not attach the information to its original complaint because it would have violated appellant's privacy. Appellant's subsequent request for discovery waives any right to privacy issue.
 {¶ 10} We note appellee never objected to the request for discovery.
 {¶ 11} We find, construing the evidence most favorably in favor of appellant, that reasonable minds could come to different conclusions regarding the amount of the bill. Appellant's affidavit sufficiently challenges the amount Aultman Hospital has claimed, and we find summary judgment premature in absence of specific evidence supporting Aultman Hospital's claim for damages.
 {¶ 12} The assignments of error are each sustained.
 {¶ 13} For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.
topic: collections — summary judgment.